# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Christine Zigwai Kato,

                Plaintiff,

v.

United States Citizenship and
Immigration Service,

                Defendant.

No. CV 24-00580 PHX CDB

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE STEPHEN M. McNAMEE:**

Plaintiff, proceeding pro se, filed a Complaint seeking a writ of mandamus ordering Defendant to conduct a hearing and expedite and adjudicate her application for asylum and withholding of removal based on religious affiliation, family persecution, and membership in a social group; Plaintiff alleges her application has been pending "for over 325 days." (ECF No. 1 at 4). Plaintiff asserts she suffers from serious medical conditions and that treatment is limited, delayed, or denied due to her immigration status. Plaintiff is not in custody, she resides in Arizona, and she is not under a final order of removal.[1]

Because Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review and subject to dismissal if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) "not only permits, but requires, a district court to dismiss an *in forma*

---

[1] Plaintiff last entered the United States from Nigeria on April 13, 2023, on a B1 non-immigrant visa which expires March 1, 2028. (ECF No. 1-1 at 5).

*pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because the undersigned concludes the Complaint should be dismissed, which is dispositive, the following proposed findings of fact, report, and recommendation are made pursuant to Rule 72(b) of Federal Rules of Civil Procedure, 28 U.S.C. § 636(b), Rule 72.2(a)(2) of the Local Rules of Civil Procedure, and General Order 21-25.

Screening under § 1915(e) is performed under the same standard of review as Federal Rule of Civil Procedure 12(b)(6). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim for relief. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). The Court must liberally construe a pro se plaintiff's pleadings. *E.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff seeks a writ of mandamus, however the only arguably proper cause of action for pursuing the relief Plaintiff seeks is one pursuant to the Administrative Procedures Act ("APA"). *See Su v. Mayorkas*, ___ F. Supp. 3d ___, 2023 WL 7209630, at * 4 (N.D. Cal. Oct. 17, 2023); *Yilmaz v. Jaddou*, ___ F. Supp. 3d ___, 2023 WL 7389848, at *2-3 (C.D. Cal. Oct. 4, 2023).[2] *Compare De Campos v. United States Citizenship & Immigr. Servs.*, 2024 WL 671622, at *2-3 (N.D. Cal. Jan. 18, 2024) ("This Court agrees with those courts

---

[2] Mandamus is an extraordinary remedy and is available if the plaintiff's claim is clear and certain, the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and no other adequate remedy is available. *See*, *e.g.*, *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). Mandamus does not provide an avenue of relief on Plaintiff's claims. *See De Campos v. United States Citizenship & Immigr. Servs.*, 2024 WL 671622, at *2 (N.D. Cal. Jan. 18, 2024) (concluding a claim regarding the timing requirements of 8 U.S.C. § 1158(d)(5)(A) does not meet the "clear and certain claim" test because § 1158(d)(5)(7) expressly bars a private right of action to enforce the requirements). The Administrative Procedures Act may provide an adequate remedy with regard to claims that the USCIS has failed to comply with 8 U.S.C. § 1158(d)(5)(A), also foreclosing a mandamus remedy. *See Yilmaz v. Jaddou*, ___ F. Supp. 3d ___, 2023 WL 7389848, at *3 (C.D. Cal. Oct. 4, 2023).

finding federal courts lack jurisdiction over APA claims related to the INA timing provisions.").

Accordingly, allowing Plaintiff to proceed *in forma pauperis* would require dismissing her Complaint with leave to amend to substitute the APA as a basis for her claims.

However, if recast as APA claims, Plaintiff's claims would be subject to dismissal under Rule 12(b)(6), and dismissal with leave to amend may only be granted when it is absolutely clear that a complaint's deficiencies may be cured by amendment. *E.g.*, *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988). Under the circumstances alleged in Plaintiff's Complaint, in her application to proceed *in forma pauperis*, and in the documents provided by Plaintiff at ECF No. 1 and ECF No. 5, Plaintiff is unable to state a cognizable APA claim.

The APA provides for limited judicial review to compel agency action where the action is unlawfully withheld or unreasonably delayed. *Yilmaz*, ___ F. Supp. 3d ___, 2023 WL 7389848, at at *2. Pursuant to the Immigration and Nationality Act ("INA"), "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed," and "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A). Plaintiff has not yet been afforded a hearing and there is no final administrative adjudication on her application for asylum and withholding of removal. However, the APA only provides for relief if the agency's action is *unreasonably* delayed. *See Fang Yan v. Director of L.A. Asylum Off.*, 2023 WL 4053410, at *3 (C.D. Cal. June 16, 2023). In the well-reasoned opinion in *Fang Yan* the court determined that a delay of four or five years in processing an application for asylum and withholding of removal was not an unreasonably delay. *Id.*, 2023 WL 4053410, at *4 (collecting cases on point). Accordingly, Plaintiff's allegation that she is entitled to the Court's intervention in her asylum proceedings because they

have been pending for approximately one year, does not satisfy the requisite basis for the Court's interference in her asylum proceedings.

Additionally, Plaintiff plausibly alleges some risk to her health as a result of not obtaining asylum status. She asserts she has pituitary edema, and that she was provided an MRI and referred to an endocrinologist for treatment. (ECF No. 6 at 1). Plaintiff has been diagnosed with hyperprolactinemia, i.e., a higher-than-normal level of prolactin in her blood likely caused by a benign (noncancerous) tumor in her pituitary gland. (ECF No. 5 at 1, 3). Plaintiff alleges she has been unable "to access full medical insurance because of [her] immigration … status," and she fears her condition will worsen. (ECF No. 5 at 1). Plaintiff supplied psychiatric records to USCIS to accompany her request for an expedited asylum interview. (ECF No. 5 at 31-32). Plaintiff asserts she has been "out of work for a while for psychiatric problems." (ECF No. 5 at 11). In support of this allegation she presents a treatment note dated February 8, 2024, indicating diagnoses of generalized anxiety disorder and major depressive disorder, recurrent, mild, and post-traumatic stress disorder; the note indicates Plaintiff was "laid off work due to observed self-talk." (ECF No. 5 at 21). However, when seen by a gynecological nurse practitioner on February 26, 2024, Plaintiff denied depression, anxiety, and mental illness. (ECF No. 5 at 27). Although Plaintiff unquestionably has troubling health conditions, there is no indication that she is completely unable to work or that she is completely unable to obtain adequate health care for a life-threatening ailment due solely to her immigration status. Her health challenges are arguably not so serious as to warrant the Court's imposition into the process at this time. *See Yilmaz*, 2023 WL 739848, at *5.

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's Complaint at ECF No. 1 be **dismissed with prejudice and without leave to amend**.

**IT IS FURTHER RECOMMENDED that** Plaintiff's motion at ECF No. 2 be **denied** as moot.

- 4 -

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of March, 2024.

_____
Camille D. Bibles
United States Magistrate Judge